# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 7, 2012

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **VALERIE JOHNSON, and** | : | **VIOLATION:  21 U.S.C. § 846** |
| **MARIO ROJAS,** | : | **(Conspiracy to Distribute and Possess** |
| | : | **with Intent to Distribute 28 Grams or** |
| Defendants. | : | **More of Cocaine Base)** |
| | : | |
| | : | **FORFEITURE:  21 U.S.C. § 853(a), (p)** |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

From on or about November 16, 2011, through on or about September 6, 2012, within the District of Columbia and elsewhere, **VALERIE JOHNSON** and **MARIO ROJAS**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance and the said mixture or substance was 28 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

(**Conspiracy to Distribute and Possess with Intent to Distribute 28 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Section 846)

### FORFEITURE ALLEGATION

1.     Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from,

any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.  The United States will seek a forfeiture money judgment against the defendant equal to the value to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.

      2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.